UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY PLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-755-DDN |
| ) | |
| SAINT LOUIS CITY DIVISION OF ) | |
| CORRECTIONS CITY JUSTICE ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Bobby Plain (registration no. 37338-044), an inmate at the Marion Federal Penitentiary, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $8.84. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $44.20, and an average monthly balance of $8.47. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.84, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff brings this action for monetary relief under 42 U.S.C. § 1983. Named as defendants are the St. Louis City Division of Corrections City Justice Center ("Justice Center"), the Medium Security Institution ("MSI"), Francis Slay, Charles Brown (Director, St. Louis City Division of Corrections), Gene Stubblefield

(Commissioner, St. Louis City Division of Corrections), Leonard Edwards (Assistant Commissioner, St. Louis City Division of Corrections), Irene Mitchell (Captain, MSI), Russell Brown (Major, MSI), Gary Hayes (Chief Investigator, MSI), and Mathew Weis (Chaplain, MSI). Plaintiff generally alleges violations of his First and Eighth Amendment rights. He claims that defendants discriminated against his right to practice his religious beliefs, and he asserts that they were deliberately indifferent to his First Amendment rights. He further claims that he was "subjected to multiple threats to [his] safety as well as health due to inhuman conditions that [he was] subjected to."

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous as to the Justice Center and MSI, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)(§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit). As such, the Court will dismiss this action against the Justice Center and MSI, pursuant to § 1915(e)(2)(B).

Plaintiff brings this action against the remaining eight individual defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court notes that plaintiff has failed to assert any non-conclusory claims against any of the named defendants. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009)(legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth); *Martin v. Sargent*,

-5-

780 F.2d 1334, 1338 (8th Cir. 1985)(claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(theory of supervisory liability is inapplicable in § 1983 suits).

In addition, plaintiff's general claim that he was subjected to multiple threats simply does not rise to the level of a constitutional violation. *See Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986)(usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually are not actionable under § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $8.84 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th Day of /s/Jean C. Hamilton, 2013.


                /s/ Jean C. Hamilton
                UNITED STATES DISTRICT JUDGE